### GERMAN BANK v. HIMSTEDT.

1. MARRIED WOMAN: *Need not schedule her property.*
   Since the act of December 15, 1875, the neglect of a married woman to schedule her property does not prejudice her right and title to it. She may still show that it is hers.

2. HUSBAND AND WIFE: *Title to money in possession of wife.*
   There is no presumption of law that money or transferable securities in possession of the wife belongs to the husband instead of to her.

3. BANKS: *Must pay depositors money deposited.*
   A bank is bound to pay to a depositor or to his order, money deposited by him, and can not refuse on the ground that it belongs to another.

APPEAL from *Pulaski* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*U. M. & G. B. Rose,* for appellant.

Money belonging to a married woman need not be scheduled. (*22 Ark., 432.*) But if it must be, the act of 1875 (Acts 1875, p. 173) does not confiscate the wife's property for a failure to record, but merely casts upon her the burden of proof.

Mrs. Marko was in possession of this money, and possession is *prima facie* evidence of title to personal property, and it devolved upon appellee to show that the money belonged to her husband. *11 Ark., 271; 38 Ark., 417.*

The bank acted in good faith, and the courts will not make a garnishee who has so acted pay a debt twice. *3 Met., 301; 5 Cush., 544; 4 Allen, 485.*

*T. J. Oliphint,* for appellee.

Money is personal property (*Gantt's Digest, sec. 4629*), and subject to execution. (*Ib., sec. 2630.*) Personal property of a married woman is *prima facie* her husband's, but under Acts 1875, p. 173, she can overcome the *prima facie*

case by proof of ownership. None of the enabling statutes change the common law rule, except she may own personal property by scheduling it, or in a contest by proving her ownership. *Prima facie* it is her husband's. (*33 Ark., 611.*) Before the act of 1875 she was absolutely required to schedule, and the difficulty in describing money can not change the rule.

Cites *secs. 422–423, Gantt's Digest,* and *29 Ark., 470,* in support of the finding of the court below.

SMITH, J. Himstedt brought an action by attachment before a justice of the peace against Frank and Elizabeth Marko and caused the bank to be summoned as garnishee. The bank answered that it held no money belonging to Frank Marko, but had a certain sum, within the jurisdiction of the justice and sufficient to cover the plaintiff's demands, deposited by Elizabeth Marko.

As to her the action seems to have been discontinued by the plaintiff, and the bank, upon production of a certificate by the justice that the action had been so dismissed, paid her the amount standing to her credit. The action proceeded against Frank Marko to trial, when the attachment was dissolved. But on appeal to the Circuit Court the attachment was sustained and judgment rendered against Frank Marko for a small amount.

The plaintiff then took issue to the answer of the garnishee, alleging that Elizabeth was the wife of Frank, but not asserting, except inferentially, that it was Frank's money which had been on deposit. This issue was submitted to the court instead of a jury, and the court found that Frank and Elizabeth were husband and wife, and that, as the money had not been scheduled as her separate property, it was liable for her husband's debts. The bank was accord-

ingly directed to pay into court the amount of the plaintiff's debt and costs.

**1. MARRIED WOMAN:** Need not schedule her personal property.

It may well be doubted whether money falls within the spirit and policy of the act providing for the scheduling of the separate estate of a married woman. The purpose of such legislation is to prevent creditors from being defrauded who have extended credit to the husband under the impression that he is the owner of such property. Now, when the property is visible and tangible, like horses, cattle, furniture, etc., the husband may obtain a fictitious credit by delusive appearances or false representations as to its ownership. But this is not likely to happen in the case of money, which is usually kept secretly and not exposed to public view.

Moreover, money, as it is constantly changing its form and character, as the necessities for its use arise, is not a thing capable of a permanent and definite description. There is an intimation to this effect in *Beeman v. Cowser*, *22 Ark.*, *432*, which arose under a statute absolutely requiring the property of a married woman to be recorded in order to enable her to hold it against her husband's creditors.

But this point is waived, as not necessary to the decision of this cause and of no practical importance in itself, since under the act of December 15, 1875, the neglect to file a schedule does not prejudice the wife's right and title to her property. She may still show that it was hers.

**2. Money in possession of wife presumed to be hers.**

The only circumstance in proof tending to show who was the owner of this money was that Elizabeth Marko had deposited it in bank in her own name. Frank Marko, so far as appears, had never claimed it; nor did the plaintiff offer any proof that it was his. But the court presumed as matter of law that it belonged to him. But there is no such legal presumption, at least with regard to money and securities that are transferable by delivery. There for the

benefit of trade a property is created in the bearer. A bank note or a coin may have been stolen; yet one who takes it in good faith for value may hold it against the loser. Possession is evidence of ownership; and the burden of proof is on the party who assails the possession. *Murray v. Lardner, 2 Wall., 110.*

A bank receiving a sum of money of a depositor is bound to pay it to him or his order, and can not refuse payment on the ground that it is the property of another. *First National Bank v. Mason, 95 Pa. St., 113.*

*3. BANKS: Must pay to depositors money deposited.*

Payment of this money to Marko might have been stopped by the delivery of a proper notice to the bank, specifying that it was attached as the property of Frank Marko. *Gantt's Digest, sec. 399, third subdivision.*

But nothing of the kind was attempted, and the bank had no sort of notice, before it paid out the money, that the plaintiff claimed that the money did not belong to the wife. The writ of garnishment did not impart such notice; for that only commanded the bank to disclose what funds it held belonging to either of the defendants.

And after the discontinuance of the action as to the female defendant, no issue being pending upon the truth of its answer, the bank had the right to take for granted that its liability in that action was at an end.

If the law were otherwise than we have declared it, no bank could with safety receive the deposits and pay the checks of a married woman. Nor could any merchant sell her goods, even for cash. For, after she had drawn out her deposits in the one case, or after the goods had been delivered and used in the other case, the husband could claim the refunding of the money upon the ground of constructive notice that the money was his. For we take it to be clear that if the plaintiff can make the bank pay this debt twice, then Frank Marko, had there been no judg-

ment against him, could have done the same thing, upon the same evidence.

Such a doctrine would lead to novel consequences in the commercial world.

Reversed and remanded for a new trial.