FIRST NATIONAL BANK, of Union Mills, Appellant, *v.* JUDSON H. CLARK, Respondent.

The implied engagement on the part of a banker to pay the checks of his depositor does not inure to the benefit of the holder of a check so as to enable him to enforce payment thereon against the bank prior to acceptance, and in the absence of assent by the banker, the giving of the check, does not operate as a transfer or assignment of the debt created by the making of the deposit.

A deposit slip given by a bank to a depositor is simply an acknowledgment that the amount of money named therein has been received, and its delivery by a depositor to a third person, does not operate to assign the debt.

In an action to recover an amount alleged to have been deposited by S. & W. with defendant, a private banker, and the debt transferred by said firm to plaintiff, the testimony of the cashier of the latter was to the

effect, that S. presented a deposit slip given him by defendant, and the check of S. & W., for the amount, stating that he had that amount in defendant's bank, but by agreement it would not be available for ten days; that he wanted to use the money and wished to have the papers discounted, which defendant did, paying to S. the amount, less the discount, and receiving the check and deposit slip.  *Held*, that this did not, as matter of law, amount to an assignment of the debt, but that the question was one of fact and was properly submitted to the jury. The deposit was alleged to be the avails of a note discounted by defendant; the discount was denied.  A witness for plaintiff, who it had sent to defendant to demand payment, testified in substance that he asked defendant's cashier to see his books, but was not permitted to do so.  Defendant produced his books on trial, including that of bills discounted, and was permitted under objection and exception to show that it did not contain an entry of the alleged discount.  *Held*, no error.

(Argued June 6, 1892; decided October 1, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which affirmed a judgment in favor of defendant, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover $3,412.50 deposited with defendant, a private banker, by the firm of Sliney & Whalen, on December 5, 1882.

The facts, as far as material, are stated in the opinion.

*Hudson Ansley* for appellant.

*Rufus Scott* for respondent.

Parker, J.  John Sliney, of the firm of Sliney & Whelan, on December 5, 1882, gave to the plaintiff a deposit slip of which the following is a copy:

"Deposited by Sliney & Whelan with Judson H. Clark, Banker, Scio, N. Y., December 5, 1882.

"Discount $3,412.50.                    F. M. BABCOCK."

Babcock was in the employ of Judson H. Clark, and acted as his cashier.

At the same time Sliney made and indorsed in the firm name and delivered to plaintiff a check, which reads as follows:

"Scio, N. Y., *December* 5, 1882.

"Judson H. Clark, Banker, ten days after date pay to the order of Sliney & Whelan, three thousand four hundred and twelve and fifty-one-hundredths dollars.

"$3,412.50.          SLINEY & WHELAN."

The plaintiff thereupon paid to Sliney the amount called for by the check, less thirteen days interest thereon and exchange.

December seventh the plaintiff put the deposit slip and check together and sent them by mail to the defendant, who, on or immediately after December fifteenth, the day on which the check was made payable, returned the same to the plaintiff, with a letter advising that there were no funds to meet the check. Subsequently plaintiff demanded payment of the defendant, which was refused, and this action was thereupon begun.

The defendant's denial of liability was placed on two grounds:

(1) That Sliney & Whelan did not have on deposit with him on December fifth or at any time following, any sum of money whatever.

(2) That Sliney & Whelan's pretended claim against the defendant was not assigned to the plaintiff.

On the trial testimony on the part of the plaintiff was presented tending to show that on December fifth the defendant discounted a note for $3,500, made by Knox Brothers, and indorsed by Sliney & Whelan, but with the understanding that the deposit should not be drawn against for ten days, and the deposit slip given to Sliney represented the amount of the note less the discount agreed upon.

Defendant testified that he told Sliney that he was not in a situation to discount the note then, and Babcock, his cashier, testified that Sliney informed him that defendant Clark said he should leave the note there as he might be able to discount it in the future, and to figure "the discount, and put it on a deposit slip," which was done.

But we need not discuss the evidence in that regard, as the court was not asked to direct a verdict in favor of the defendant, and the jury were instructed to determine whether the fact was as claimed by the plaintiff or as asserted by the defendant. To such submission no exception was taken, and necessarily it cannot now be urged that the jury should not have passed on the question.

The court instructed the jury that if they should find that the defendant did not discount or agree to discount the note for Sliney & Whelan, then their verdict should be for the defendant; but should they find for the plaintiff on that proposition then they should go further and consider whether that which took place between the plaintiff and Sliney amounted to an assignment of Sliney & Whelan's claim against the defendant, for if it did not, the plaintiff could not recover. The plaintiff excepted to the charge in such respect, and also to the refusal of the court to charge the following request:

" That there was no dispute as to what took place between Sliney & Whelan and the plaintiff at plaintiff's bank at the time of the delivery of the papers, and that what took place there amounted to an assignment to the plaintiff."

As the verdict may have been put on the ground that there was no assignment to the plaintiff we are required to consider whether the exceptions to which reference has been made were well taken.

We are thus conducted to an inquiry embracing all the details of the transaction which resulted in plaintiff's paying over to Sliney & Whelan the face of the check less interest and exchange.

We will first consider whether the giving of the check by Sliney & Whelan to the plaintiff for the full amount of the deposit operated as an assignment of the debt.

Assuming that Sliney & Whelan were depositors with the defendant, the money after deposit made belonged to the defendant. Sliney & Whelan's right was a chose in action.

The implied engagement on the part of a banker to pay the checks of his depositor does not inure to the benefit of the

holder of a check so as to enable him to enforce payment thereon against the bank prior to its acceptance. In the absence of assent by the depositary the giving of a check by a depositor does not operate as a transfer or assignment of the debt created by making a deposit. (*Harris* v. *Clark*, 3 N. Y. 93; *Chapman* v. *White*, 6 id. 412; *Ætna National Bank* v. *Fourth National Bank*, 46 id. 87; *Duncan* v. *Berlin*, 60 id. 151; *Risley* v. *Phenix Bank*, 83 id. 318.)

Here there was not an acceptance by the banker. On the contrary he refused to accept it, and it follows that the check did not operate to transfer the debt. Neither did the delivery of the deposit slip have that effect. The appellant calls it a "certificate of deposit," but such designation is not accurate. It is in fact what the witnesses for both plaintiff and defendant assert it to be, a deposit slip, or deposit check.

The use of the deposit slip is well understood. It constitutes an acknowledgment that the amount of money named therein has been received. It is a receipt and nothing more. No promise is made to pay the sum named on return of the paper; nor is it expected, either by the depositor or depositary, that it will ever be presented to the bank again unless a dispute should arise as to the amount of deposit, in which event it would become important as evidence. It is not intended to furnish evidence that there remains money in the bank to the credit of a depositor, but to furnish evidence as between depositor and depositary that on a given date there was deposited the sum named. It may all, or nearly all, be checked out at the moment of making the deposit slip, but the depositor will not be refused it on that account, for long established usage has fixed its status in banking as a mere receipt, an acknowledgment that the depositor placed the amount named therein on deposit. It is not proof of liability, and it will not support an action against the bank. (*Hotchkiss* v. *Mosher*, 48 N. Y. 482; 2 Daniel Ne. Insts., § 1704.)

Should a suit be brought on the debt, however, it would furnish evidence as to time of deposit and amount, but it has no other use unless it be to assist in the settlement of a dispute out of court.

The delivery of the deposit slip, therefore, did not operate to assign the debt. There was no writing made or delivered to the plaintiff other than the check and deposit slip, both of which we have already considered.

An assignment of a debt due may, of course, be made by oral agreement, and, if founded on a valuable consideration, vests in the assignee a right to proceed in his own name to collect it. (*Risley* v. *Phenix Bank*, 83 N. Y. 313.)

And the delivery by a creditor of a check upon his debtor for the whole or a part of a debt does not preclude the payee from showing a parol contract aside from the check to transfer the debt itself. (*Throop Grain Cleaner Co.* v. *Smith*, 110 N. Y. 83–88.)

But in the conversation had between Sliney and the plaintiff's cashier, the debt was not in terms alluded to as intended to be assigned or transferred. The cashier testified in part that Sliney "produced the deposit check and told me he had that much money in Clark's bank ; that it would not be available for ten days, as he had agreed to wait, and he wanted to use the money that day. He drew a check on Clark's bank and wished to have us discount those papers and let him have the money, which we did, and paid him the money."

To assume that all of the evidence on that subject considered together would support a finding of fact that Sliney & Whelan intended to transfer and the plaintiff intended to acquire the debt is to adopt a view of the evidence as favorable to the plaintiff as is authorized. That is precisely what the trial court did in submitting the question to the jury for their determination. The plaintiff, therefore, cannot complain of the action of the court in that regard.

The defendant produced in court the books of the bank in use at the time of the alleged discount, including the book of "Bills Discounted," and was permitted to show that it did not contain any entry of discount of the note in question. Objection was made by the plaintiff, and an exception taken to the adverse ruling of the court. But we shall not pass on the abstract question presented because we do not deem the objec-

tion available to the plaintiff in view of certain testimony presented by it earlier in the trial.

The plaintiff called as a witness a lawyer whom it sent to the defendant to make a demand for payment, who related conversations had on that occasion with the defendant and his cashier Babcock. Among other things, he testified that while in the bank " I spoke to Babcock about seeing the books. Babcock invited me in and we had a general conversation in regard to Sliney & Whelan, and I asked him if they had any objections to my seeing them; he said no; but I better see Mr. Clark, he would rather have Mr. Clark assent before he showed it to me. He did not let me see the books, and I did not see them."

This testimony had no direct bearing on the questions in issue, and we can perceive no other object for its introduction than the expectation that the refusal to allow plaintiff's attorney to examine the books would leave upon the minds of the jury the impression that they contained entries tending to support plaintiff's contention that the note was in fact discounted on December fifth. Nor could the plaintiff's counsel have been prevented thereafter from insisting in his argument before the jury that the conduct of Babcock in such respect was a significant fact which should receive due consideration by them in determining whether Sliney or Clark and Babcock gave the true version of the transaction. Thereafter it was proper for the defendant to destroy the effect of this testimony by the introduction of the books from which it appeared that had the plaintiff's attorney been permitted to examine them he would not have discovered any evidence bearing against the defendant's contentions.

There are no other exceptions requiring consideration.

The judgment should be affirmed.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.