ANNA L. BUTLER, Appellant, v. FARMERS NATIONAL BANK, Appellee.

**EVIDENCE: Parol As Affecting Writing—Deposit Slip.** A memorandum or deposit slip, showing the receipt by a bank of a stated sum of money for account of a named person; and containing no promise to repay, is not a ''certificate of deposit'', but a receipt only, and is open to parol explanation.

**WITNESSES: Competency—Communications Between Husband and Wife—Transfer of Claim.** A wife is a competent witness to prove the transfer of the property by the husband to the wife and what the husband said to the wife at the time in relation thereto. Such transaction is not a ''communication'' between husband and wife within the prohibition of Sec. 4607, Code, 1897.

**EVIDENCE: Hearsay—Effecting Gift or Transfer of Property.** What a donor or grantor said in effecting a gift or transfer of property is not hearsay.

**GIFTS: Delivery—Sufficiency.** Delivery may be effected by words only. So *held* in the case of a gift of personal property by a husband to his wife.

*Appeal from Fremont District Court.*—THOMAS ARTHUR, Judge.

SATURDAY, JANUARY 22, 1916.

ACTION on an alleged deposit resulted in judgment for defendant. The plaintiff appeals.—*Reversed.*

*Tinley, Mitchell & Thornell,* for appellant.

*T. S. Stevens,* for appellee.

LADD, J.—I.   M. J. Butler owned and operated a large farm near Hamburg.   Owing to ill health, he went to Excelsior Springs, Missouri, for treatment, leaving his wife, Anna L. Butler, in charge.   In paying current expenses, she issued checks on her husband's account, and on June 22, 1910, sold the fat hogs to one Reed, who, in payment thereof, gave her a check, or stock ticket.   She deposited this with the Farmers National Bank, succeeded by defendant, and received a slip in language as follows:

Deposited with
FARMERS NATIONAL BANK
Hamburg, Iowa, 6/22 1910.
for account of
MRS. M. J. BUTLER.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   . . . . . . . . . . . . . . . . . . . .

|  | Dollars | Cents. |
|---|---|---|
| Currency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |
| Silver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |
| Gold . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 698 | 40 |

(Sgd)         Dupt.      W. R. Erwin.

She had had no account with the bank, and nothing seems then to have been said about opening one, and the deposit was entered to her husband's credit in his account. Thereafter, Mrs. Butler checked on this account in payment of his expenses, as before; and when, upon Butler's return, some weeks later, his pass book was balanced, she noticed that the deposit had been credited to him.   She testified that she informed the bank, within two weeks after the deposit was

made, that it was not Butler's money, but her own.   If so, there was money then in the hands of the bank which might have been held for her.   The assistant cashier swore that she did not mention the matter until two or three years afterwards, when she demanded payment.   The defense to her action to recover the money deposited was that, notwithstanding the language of the deposit slip, the proceeds of the sale of the hogs belonged to M. J. Butler and therefore were rightly entered to his credit and checked out by him.   As she previously had no account with the bank and one was not then opened in its books, the question touched in argument, whether a bank may defend a refusal of payment to a depositor by setting up title in another, is not presented. But see Morse on Banking, Sec. 341 *et seq.; Van Alen v. American Nat. Bank*, 52 N. Y. 1; *Farmers' & Mechanics' National Bank v. King*, 57 Pa. St. 202; *German Bank v. Himstedt*, 42 Ark. 62; *Viets v. Union Nat. Bank*, 101 N. Y. 563 (54 Am. Rep. 743) ; *Morrill v. Raymond*, 28 Kans. 415.

The check or stock ticket was handed to her and, on being deposited, the deposit slip was given to her, reciting the fact of the deposit.   Counsel for appellant proceed in argument as though this were a certificate of deposit.   Such is not its correct designation.   It is a mere acknowledgment that the amount of money named has been received.   It contains no promise to pay upon its return, no words of negotiability, and has no use save, possibly, to settle a dispute as to the amount of the deposit.   It is merely a receipt, and subject to parol explanations, as receipts generally are.   It is not proof of liability of the bank; for, though the amount named may have been deposited, part or all may have been checked out. *Hough v. First National Bank of Oelwein*, 173 Iowa 48; *First National Bank v. Clark*, 134 N. Y. 368 (32 N. E. 38) ; Daniel's Negotiable Instruments, Sec. 1704.

1. EVIDENCE: parol as affecting writing: deposit slip.

II.   The deposit slip recited that the deposit was for the account of plaintiff; and if the money were hers, the defend-

ant must account to her therefor, unless relieved therefrom by her acquiescence in the payment to her

**2. WITNESSES: competency; communications between husband and wife: transfer of claim.** husband, and the evidence thereon was in conflict. In her reply, plaintiff admitted that the hogs had belonged to Butler, but alleged that, immediately before going to Excelsior Springs, he told her to sell them and keep the money, and that she might have the money; and in pursuance thereof, she sold the hogs and deposited the proceeds as her own. To questions calling for the conversation at that time, the objection ''as immaterial, irrelevant, incompetent under the statute'' was sustained, as was a like objection to questions propounded to her daughter. Later, Mrs. Butler was asked what her husband said to her ''when he started to the Springs, about those hogs and what was to become of them, and your interest in the hogs''. Objection as hearsay, incompetent, irrelevant and immaterial was sustained. Some more questions were asked, and counsel then stated that he ''expected the witness to say that Mr. Butler told her, upon leaving for the Springs, that she might have the hogs; that she could sell the hogs; and that, when she sold them, she could have the money and do whatever she pleased with the money; and that is the answer which I have sought to elicit from the witness and which the court has prevented, by sustaining the objections made by opposing counsel. And I want to make the same record as to the witness Venus Berry.'' This evidence was tendered as tending to prove her title to the money deposited, and was clearly admissible. Transfers of personal property from husband to wife, in the absence of fraud, are valid, and Sec. 4607 of the Code does not preclude the wife from testifying thereto. *Hanks v. Van Garder,* 59 Iowa 179; *Sexton v. Sexton,* 129 Iowa 487; *Hardwick v. Hardwick,* 130 Iowa 230.

Nor should the evidence have been ex-

**3. EVIDENCE: hearsay: effecting gift or transfer of property.** cluded as hearsay. It was of the fact of a gift in parol, and the evidence as to what was

said was admissible not only as tending to prove the gift, but as indicating the intention which actuated the alleged donor. Mrs. Butler might have testified that the money belonged to her as fact (*Murphy v. Olberding*, 107 Iowa 547), and evidence of how she derived title thereto was also of a fact concerning which evidence was admissible, without violation of the hearsay rule. Appellee contends, however, that, had the evidence been received, it fell short of showing that the gift had been consummated. That delivery is essential to the completion of a gift of personal property cannot well be questioned. See *Tucker v. Tucker*, 138 Iowa 344. Here the method of transfer was prescribed by the giver; and if he said to plaintiff that she could have the hogs; that she should sell them and take the proceeds and keep these as her own, and she so did, we see no reason for permitting a stranger to the transaction to question the completion of the gift. It was consummated by delivery, precisely as proposed, and, in so far as this defendant is concerned, passed title to the property. The court erred in not receiving the evidence.—*Reversed.*

4. GIFTS: delivery: sufficiency.

DEEMER, GAYNOR and SALINGER, JJ., concur.