STANDARD FACTORS CORPORATION et al., Respondents, *v.* MANUFACTURERS TRUST COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June 30, 1944.

*Leonard G. Bisco* and *Henry Landau* for appellant.

*Samuel W. Dorfman* for respondents.

EDER, J. The Standard Factors Corporation commenced an action against one J. L. Stulsaft, as defendant (hereinafter sometimes called debtor or depositor), and therein obtained a warrant of attachment against him; the Sheriff on November 10, 1943, served a certified copy thereof on the defendant bank, in which institution the said named attachment debtor was a depositor and maintained the customary checking account; the defendant thereupon paid to the Sheriff the sum of $625.40 as the balance standing to the credit of the debtor's account. This was deemed by plaintiffs to be an insufficient compliance with the command of the warrant, they maintaining that the defendant was actually indebted to the depositor in the additional sum of $2,500; this the defendant disputed and plaintiffs then brought this suit in aid of the attachment under section 943 of the Civil Practice Act to obtain payment of a debt claimed to be attached.

In declining to pay to the Sheriff this additional sum of $2,500 the defendant bank advised the Sheriff that there was then outstanding a certified check in that amount; that on November 4, 1943, the said depositor drew his check in said sum, payable to his own order, which defendant had certified on said day and had thereupon appropriated such sum from the credit of the drawer, had debited his account accordingly and that the said sum stood to the credit of the certified check in its certified check account. The position taken by the

defendant was and is that upon certification of the check the obligation of the defendant, as certifying bank, was solely upon the check, so long as it remained outstanding, whether the check was certified at the request of the drawer or any one else and regardless of whether it was still held by the drawer or had been delivered to a payee or other transferee; that the drawer who procures the certification of a check is entitled to payment, not as a depositor entitled to repayment, but as the holder of a certified check. In other words, that the obligation of the bank to a depositor is upon the check, and not upon an open account, and hence the only manner in which attachment and levy could be effectively made in the circumstances shown was to levy upon the instrument itself, i. e., upon the certified check, as prescribed by sections 916 and 917 of the Civil Practice Act.

Section 916 provides that debts arising upon a negotiable instrument for the payment of money are subject to attachment by levying upon the instrument, if it belongs to the defendant, and is found within the county; section 917 provides that where the property consists of a debt represented by a negotiable instrument for the payment of money, the levy must be made by leaving a certified copy of the warrant of attachment with the person holding the same. Here, admittedly, the defendant was not the holder of the certified check when, on November 10th, the certified copy of the warrant of attachment was served upon it, as that instrument only came into its possession three days later, on the 13th.

The plaintiffs' position has been and is that under the facts of this case, irrespective of the certification of the check, the relationship of the defendant bank and the attachment debtor never changed, that after such certification the relationship of debtor and creditor still continued as the certified check was never negotiated by the drawer, that title thereto and to the appropriated funds reposed in him at all times; that as between them the certified check was recallable at any time and hence said fund was subject to repayment to the drawer-depositor as upon an open account and consequently amenable to the attachment herein and levy thereunder; that the refusal of the defendant to pay over said sum of $2,500 to the Sheriff, when the certified copy of the warrant of attachment was served upon it on November 10th, has accordingly rendered it liable to the plaintiffs; that upon the facts disclosed the plaintiffs were entitled to summary judgment. Defendant's position was that upon said state of facts no cause of action againt it was

maintainable. As stated, plaintiffs' motion was granted and defendant's cross motion was denied.

In granting the motion the court below has proceeded upon a declaration that Stulsaft, the depositor and attachment debtor, at all times " continued to be the owner of the check," never negotiated it but merely caused it to be deposited in his own account in his bank in California, indorsed only by himself, and that the said bank had the check presented to the defendant bank " for collection " on November 13th and defendant paid it on said day without regard to the warrant of attachment which had been previously served upon it; that any potential liability of the defendant upon its certification of the check was completely dissolved when, on November 13th, the check was presented to the defendant bank for payment " by or on behalf of the said drawer." Nothing is found in the record to support this declaration; it appears to be an indulgence in assumption; there is nothing of an evidentiary nature which substantiates it.

Quite the contrary, it appears that Stulsaft, the drawer, did negotiate the check by unrestrictive indorsement and delivery to the California bank, viz., the Bank of America National Savings Association, which, on November 10th, similarly negotiated it by a like unrestrictive indorsement and delivery, and its ultimate holder was the National City Bank of New York which, on November 13th, presented the check to the defendant for payment and the defendant paid said sum of $2,500 to it. The check was not merely indorsed by the drawer; it was expressly indorsed over to the bank as follows: " Pay to the order of Bank of America National Savings Association, J. L. Stulsaft."

This was an unrestrictive indorsement and delivery and passed complete title to the instrument to the said bank regardless of whether it was deposited by the drawer to his account as a depositor in that institution. (*King* v. *Bowling Green Trust Co.,* 145 App. Div. 398; *Lyons* v. *Union Exchange National Bank,* 150 App. Div. 493.) Nor was it a deposit " for collection ", as clearly appears from the form of the indorsement; it contains none of the qualities of a restrictive indorsement as defined in section 66 of the Negotaible Instruments Law, and when it was presented to the defendant bank for payment on November 13th it was not presented " by or on behalf of the said drawer," it was presented for payment by and on behalf of the National City Bank of New York as the lawful owner and bona fide holder thereof and the assumptions and conclusions of the learned court below to the converse are erroneous.

A certified check possesses certain special attributes which are wholly absent in an uncertified one and these attributes and distinctions have always been recognized. Thus in *Attorney-Gen'l.* v. *Continental Life Ins. Co.* (71 N. Y. 325, 331) the court said: " A check is a request of the customer to pay the whole or a portion of such indebtedness to the bearer, or to the order of the payee. Until presented and accepted, it is inchoate; it vests no title or interest, legal or equitable, in the payee to the fund. Before acceptance, the drawer may withdraw his deposit; the bank owes no duty to the holder of a check until it is presented for payment. Knowledge that checks have been drawn, does not render it obligatory upon the Bank to retain the deposit to meet them."

A check in the usual form, unless accepted or certified by the bank on which it is drawn, does not operate as an assignment of the depositor's funds (*F. N. Bank* v. *Clark,* 134 N. Y. 368, 372; *Bainbridge* v. *Hoes,* 163 App. Div. 870); a check imposes no obligation upon the drawee until accepted and until presented and paid; it is " revocable by the drawer, who has the legal control of the moneys to his credit until actual acceptance or payment of the checks, and this upon the principle, that the contract and obligation of the banker, is to and with the depositor, and not the holders of his checks " (*Ætna National Bank* v. *Fourth National Bank,* 46 N. Y. 82, 88).

On the other hand a certified check stands on a totally different footing. As stated in Ruling Case Law (Vol. 5, Checks, § 48): " When a check is certified, it is deemed to be charged to the account of the drawer, and the sum thus charged remains as a deposit to the credit of the check, and is withdrawn from the control of the drawer except as a holder of the check. Thereafter he cannot check against or draw out the funds in the bank necessary to meet the check; these funds are no longer his."

As between the drawer and the bank, it gives the debt a different form. " By certifying a check the bank appropriates from the credit of the drawer the sum named, and terminates any right of the drawer to check out such money " (6 Zollman on Banks and Banking, § 3852), and it is said that the amount is as much withdrawn from the depositor's credit as if the money had been paid over the counter; that the moment the check is certified, the credit to meet it is by operation of law assigned to, and placed to, the credit of the holder (*Trust & Safe Deposit Co.* v. *White, Appellant,* 206 Penn. St. 611). Thus section 325 of the Negotiable Instruments Law, entitled " *When*

*check operates as an assignment* ", declares: " A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

This, too, was the rule prior to the adoption of the Negotiable Instruments Law (*O'Connor v. M. Bank,* 124 N. Y. 324; *F. N. Bank v. Clark,* 134 N. Y. 368, *supra*).

Hence, in the case at bar, upon the certification of the check, *eo instante,* the sum appropriated from the credit of the drawer thereupon stood as a sum to the credit of the certified check; the relationship of bank and depositor assumed a different form; the bank's obligation to its depositor was transmogrified from one on open account to an obligation upon the check, no matter at whose instance the certification was procured.

Upon such a state of facts, where a check is certified by a bank at the request of a depositor-drawer, it creates and constitutes a debt evidenced by a negotiable instrument and the obligation of the certifying bank is upon the instrument; and such debt can only be validly attached by the service of a certified copy of the warrant upon the holder of the instrument itself.

It follows from the foregoing and as a necessary corollary and legal sequence that no effective levy was made upon the defendant's obligation on the certified check by the service upon it of the certified copy of the warrant of attachment, and, accordingly, the judgment and order appealed from are reversed with costs, the plaintiffs' motion for summary judgment denied, and defendant's cross motion for summary judgment dismissing the complaint is granted.

Hammer and Shientag, JJ., concur.

Judgment and order reversed, etc.