Samuel H. Hofstadter, J.
Having recovered a judgment for $1,745 in the Municipal Court on March 4, 1959, against the judgment debtor on a confession, the judgment creditor on *453 March 5,1959, served a third-party subpoena, with the restraining provision of section 781 of the Civil Practice Act indorsed thereon, on Union Square Savings Bank (Union Square).
The facts are not in dispute: The judgment debtor had a savings account at Union Square in which there was a balance of $1,789.53, when it was closed on November 13, 1958, by the payment to the judgment debtor of $89.53 in cash and the delivery to bim of three checks to his order, drawn by Union Square on a depositary of its funds, for the balance of $1,700. One of these checks, for $500, had been paid before service of the third-party subpoena and is, therefore, not in issue.
The other two checks, one for $500 and the other for $700, were presented to Union Square for payment on March 23, 1959, after service of the subpoena, by one Daniel Skuhish. An officer of Union Square on this occasion personally verified from its records the indorsement signature on these two checks as that of its former depositor, the judgment debtor, and noted also the statement below his signature “ For services salary, five months $1200” and the indorsement of Skuhish. Thereupon Union Square paid the amount of the checks to Skuhish.
The judgment creditor moved to direct the third party to pay bim $1,200 on account of the indebtedness of the judgment debtor. The court below denied this motion without prejudice to a plenary action. As of the time of the hearing and disposition of the motion, the two checks for $1,200 had already been paid. If such payment was to a holder in due course, there would be no basis to compel Union Square to pay a second time, for the third-party subpoena did not relieve it of the potential liability to a holder in due course to which it had exposed itself by issuance of the checks. The papers did not furnish the court adequate basis for a summary determination of the issue whether payment had been made to a holder in due course. In the circumstances, denial of the motion without prejudice to a plenary action was a proper disposition.
The contempt motion, however, presents other factors. Though by the issuance of the checks the bank had assumed a liability to their holder, in lieu of the liability to its former depositor, the judgment debtor (Standard Factors Corp. v. Manufacturers Trust Co., 182 Misc. 701, affd. 269 App. Div. 658, motion for leave to appeal denied 269 App. Div. 690), nevertheless, so long as the judgment debtor held them, they constituted property belonging to him. The checks drawn by the bank on its depositary imposed on it a liability akin to that assumed by certification of a check. A certified check possesses some of the attributes of an ordinary check (Matter of William *454 son, 264 App. Div. 615). On its surrender to the certifying bank its drawer is entitled to have his account credited with its amount (Anglo-South American Bank v. National City Bank, 161 App. Div. 268, 274, affd. 217 N. Y. 726). In the circumstances, the bank was not free to pay the checks in disregard of the restraint in the third-party subpoena, if by such payment the judgment debtor collected their proceeds. If the payment was to a holder in due course, or to one shown otherwise to have a right to their proceeds superior to that of the judgment creditor there was no violation of the restraint.
Had the judgment debtor himself presented the two checks to Union Square on March 23, 1959, it could not be contended that in cashing them for him it did not violate the restraining provision of the subpoena. Independently of this restraint, the lapse of more than four months between the issuance of the checks closing the account and their payment, at the very least created an issue of fact whether they had been negotiated an unreasonable period of time after their issue, in which case their holder would not be deemed a holder in due course (Negotiable Instruments Law, § 92).
This ruling puts no undue burden on the bank which could have availed itself of the remedy of interpleader. Accordingly, a full hearing on the issues should be held before the Referee of the court below and the motion to punish for contempt determined upon the record before the Referee.
The order of May 1, 1959 should be affirmed, without costs. The order of June 16, 1959 should be reversed, without costs and motion to punish the third party for contempt remanded to the court below, with instructions to conduct a hearing before the Referee of the court, in accordance with the opinion of this court.
Steuer, J. P., and Hecht, J., concur.
Order of May 1, 1959, affirmed, etc.
Order of June 16, 1959, reversed, etc.