62   179
102  1363

PARK BANK, Respondent, v. HERMAN SCHNEIDERMEYER, Appellant.

### Kansas City Court of Appeals, May 6, 1895.

1. **Banks and Banking:** APPLICATION OF DEPOSIT. Where a depositor is indebted to the bank by bill or note, the bank has the right to apply his deposit to payment of his matured indebtedness to satisfy the same.

2. ———: ———: RATIFICATION. Where a bank applies a deposit to the satisfaction of the depositor's debt, and informs him thereof, and he sanctions the same, he can not say that, the application was made without his privity.

3. ———: ———: LIMITATION. Where a bank applies the deposit on the depositor's note, it constitutes, *pro tanto*, payment and an arrest of the running of the statute of limitations.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*S. H. Corn* for appellant.

(1) The statute of limitations having run against the notes upon the face of them, the burden of proving any fact which took them out from its operation was clearly on the plaintiffs. *Goddard v. Williamson,* 72 Mo. 133; *Rosebaum v. Billington,* 17 Johns. 182; 2 Greenl. Ev. [9 Ed.], sec. 444, p. 491. (2) The doctrine that the effect of the statute of limitations was to destroy the cause of action, and not to raise a presumption against it only—that it is a statute of repose and not of presumption of payment—was fully adopted in this state in the case of *McLean v. Sharp,* 4 Mo. 256–259, and it has never been departed from. *Cape Girar-*

*deau v. Harbison*, 58 Mo. 90–95.   Hence the bar of the statute can be removed only by a new promise, express or implied, which will revive the cause of action.   *Carr v. Hurlburt*, 41 Mo. 264; *Chambers v. Ruby*, 47 Mo. 99; *Mastin v. Branham*, 86 Mo. 643; *Wells v. Hargrave*, 117 Mo. 563; *Kirkbridge v. Gash*, 34 Mo. App. 256. (3)   Inasmuch as the voluntary payment of part of an existing debt is an acknowledgment of it, it has the same "effect" in arresting the running of the statute of limitations as any acknowledgment otherwise made; that is to say, it will arrest it, if made under circumstances from which the law will imply a promise to pay the balance.   2 Par. on Cont. [4 Ed.], chap. 6, sec. 3, p. 353; *Whipple v. Stevens*, 2 Foster, 219; *Stump v. Henry*, 6 Md. 201; *Shoemaker v. Benedict*, 11 N. Y. 185; *Harper v. Fairley*, 53 N. Y. 445; *United States v. Wilder*, 13 Wal. 256; *Anderson v. Robertson*, 24 Miss. 389; *Roscoe v. Hale*, 7 Gray, 274; *Kullenback v. Dickison*, 100 Ill. 431; 3 Smith's L. C. [6 Am. Ed.], 862–890, and notes to *Whiticome v. Whiting; Leach v. Asher*, 20 Mo. App. 656; *Brown v. Latham*, 58 N. H. 30; 42 Am. R. 568; *Smith v. Ryan*, 66 N. Y. 352; 23 Am. R. 60.   (4)   The word payment is used in the statute, and must be understood according to its legal signification; it comprehends the act of tendering as well as of receiving; the power of withholding as well as of transferring the thing made use of in the making of the payment. *Smith v. Ryan, supra; Thompson v. Kellogg*, 23 Mo. 281.   (5)   The transaction relied on to take the case at bar out of the operation of the statute does not fulfill any of the foregoing requirements.   *Loeffel v. Hoss*, 11 Mo. App. 133; *Phillips v. Mahan*, 52 Mo. 197.   Viewing the transaction exclusively in the light of the testimony for the plaintiffs, the case, then, falls clearly within the following decisions:   *Wainman v. Kymnan*, 1 Exch. R. 118; *Shannon v. Austin*, 67 Mo. 486; *Comp-*

*ton v. Johnson,* 19 Mo. App. 88–95; *Carr v. Hurlburt,* 41 Mo. 267; *Chambers v. Rubey,* 47 Mo. 99; *Kirkbridge v. Gash,* 34 Mo. App. 256; *Wells v. Hargrave,* 117 Mo. 563.

*Wm. Henry* for respondents.

(1) Whether so much of the statute of limitations as effects a bar to a recovery on an obligation to pay a debt is a statute of "repose," or was designed to raise a presumption of payment, it was intended to afford security against stale demands after the true state of the transaction may have been forgotten, or be incapable of explanation by reason of death or removal of witnesses (*McLean v. Thorp,* 4 Mo. 260); but yet, where past payment of a debt is made, the reason of the statute fails, because of the "recognition" of the debt by the debtor, and the statute does not operate as a bar. 1 R. S. 1889, sec. 6795; *Beck v. Haas,* 31 Mo. App. 183; *Bank v. Harris,* 96 N. C. 118. (2) And actual payment in money is not necessary, but any credit for services, or in settlement of mutual demands, if assented to by debtor, is as effectual as a tender and acceptance of money. *Creighton v. Vincent,* 10 Oregon, 56; *Bank v. Harris, supra; Shannon v. Austin,* 67 Mo. 487; *Johnson v. Johnson,* 81 Mo. 332. (3) And the rule extends further still, for although consent, either prior or subsequent, to the application of moneys or demands, as credits on a note, must be had before it can operate as part payment, yet, when the debtor has put it in the power of another—even the creditor himself—to make the application, and it is done, such application will take the debt out of the operation of the statute of limitations. *Bender v. Markle,* 37 Mo. App. 234; *Beck v. Haas, supra.*

SMITH, P. J.—This case, as it is disclosed by the record before us, may be stated in this way:

On March 19, 1881, the business firm of Iker & Schneidermeyer, the latter being the defendant, made their note to plaintiffs, private bankers under the name of the Park Bank, for $516.11; and on April 3, 1882, said firm made a further note to plaintiffs for $1,439.04. The said firm thereafter continued to be customers and depositors of said plaintiffs' bank, until the retirement of Iker. A number of payments were made on the latter note. The defendant succeeded to the business of the firm. He also did his banking business with the plaintiffs. On July 30, 1888, defendant's deposits in the plaintiffs' bank amounted to $1,432.81, of which amount, plaintiffs applied $360.72, as a payment on the first of the above described notes and $1,072.09 on the second. When defendant's pass book was balanced up, this was made there to appear. The defendant, on discovering this, inquired of the plaintiffs why it had been done and was answered by them, that they "might as well keep this money while they had it." Defendant then asked if plaintiffs "were going to shut him off," and to which plaintiffs replied that "he might keep on as before." Nothing further appears to have been said about the matter by either party. The defendant continued to do business with the plaintiffs, as before, until he retired from business a year later.

This suit was brought on the notes, to recover the amount due thereon. The defendant interposed as a defense the plea of the ten years statute of limitations. The plaintiffs replied in avoidance of the bar of the statute, that the defendant had made the payments on each of the notes, which we have already stated. If the transaction of July 30, 1888, by which plaintiffs applied the defendant's deposits, as a credit on said notes, constitutes a payment, then clearly the action

was not barred and the judgment which was for the plaintiffs must stand.

It is a well settled principle that, where a depositor in a bank is indebted to the bank by bill, note, or other indebtedness, the bank has the right to apply so much of the funds of the depositor to the payment of his matured indebtedness as may be necessary to satisfy the same. 2 Morse on Banks and Banking, sec. 559; Bolles on Banks and Dep., sec. 403; *Bank v. Newton*, 8 Bradwell (Ill.), 563; *Bank v. Hughes*, 17 Wend. 94; *Marsh v. Bank*, 34 Barb. 228. In this state, it has been expressly decided that when a discount has been made by a bank and the note has matured, so as to create an indebtedness from the depositor to the bank, all funds of the depositor which the bank has at the date of the maturity of the discounted note, or which it afterward acquires in the course of business with him, may be applied to the discharge of his indebtedness to the bank. *Muench v. Bank*, 11 Mo. App. 144; *Ehlerman v. Bank*, 14 Mo. App. 591; *Bank v. Carson*, 31 Mo. 191. The case under the law is not different than if the defendant, when he gave his notes to plaintiffs, had said to them: "that any deposits I have with you, when my notes mature, or that I may thereafter have, I authorize you to apply to the payment of my notes, till they are discharged." It may be assumed that if the defendant had expressly given the plaintiffs such direction, and in pursuance thereof they had made the application of the defendant's deposits to the payment of his note, he would not make the contention that he does. The defendant can no more be heard to claim the payment was an involuntary one, than if it had been made by an agent expressly authorized by him.

But if the law were otherwise and plaintiffs were invested with no implied authority, in the first instance,

to make the application of his deposit to the payment of his notes, yet, since it clearly appears that after he had been fully advised of such application by the account current which was delivered to him by the plaintiffs, he sanctioned the same, it will not do to say the application was without his privity. *Bender v. Markle*, 37 Mo. App. 234; *Beck v. Haas*, 31 Mo. App. 180. Our conclusion is that the application of the defendant's deposit on his notes constituted, *pro tanto*, payment thereof, and was sufficient to arrest at that point the running of the statute of limitations, so that the plaintiffs' action, when brought, was not barred.

The judgment will be affirmed. All concur.