## No. 10,557.

## ASPERGREN *v.* YOUNKER.

Decided February 4, 1924.

Action for money due.   Judgment for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Questions not Raised Below.*   Questions not raised in the trial court will not be considered on review.

2.  ACTIONS—*Parties—Copartners.*   Where two individuals jointly promise to pay the indebtedness of another, if they are liable, the question of whether or not they are partners, is immaterial.

3.  TRIAL—*Jury Questions.*   The jury is the judge of the probative effect of the evidence, and the credibility of witnesses, who testify on the trial.

4.  APPEAL AND ERROR—*Fact Findings.*   Findings of a jury based on conflicting evidence, and which are approved by the trial court, will not be disturbed on review.

5.      *Instructions.*   Requested instructions are properly refused where they are altogether improper, relate to fanciful issues, are not responsive to the evidence, or are sufficiently covered by the instructions of the court.

6.  VARIANCE—*Pleading and Proof.*   Record reviewed, and the contention that there was a departure or variance in pleading and proof, held unwarranted.

*Error to the District Court of Routt County, Hon. Gilbert A. Walker, Judge.*

Messrs. MORRISON & DE SOTO, Mr. JOSEPH K. BOZARD, for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Younker sold to one Kimball a saw mill and equipment and personal property used in its operation. As part consideration of the purchase price, Kimball gave to plaintiff his promissory note for $2,000, and assumed the payment of $275.00 which plaintiff had theretofore personally become liable for, arising out of a horse deal that he had made for Kimball's benefit, and the further sum of $75.00, an obligation to pay which was resting on the plaintiff, all of which sums Kimball recognized as debts that he owed to the plaintiff. Afterwards Kimball sold the saw mill property to the defendants Aspergren and Critchfield, and as a part of the purchase price therefor they jointly assumed this indebtedness of Kimball to the plaintiff and promised to pay the same. The complaint so alleges and separates into three separate causes of action plaintiff's claim of these three items and asks judgment for the aggregate amount against these defendants jointly for their breach of the joint contract. If one count or cause of action, including all these items, is sufficient, no objection to the separation into three separate causes is made. Critchfield, being a non-resident and not served with summons, did not appear. Aspergren alone appeared and defended. After his several motions and demurrers to the complaint were overruled, he filed his answer thereto traversing its material allegations. Trial before a jury resulted in a verdict for plaintiff on each cause of action and judgment thereon was rendered for the plaintiff.

Many of the questions argued in the briefs of the defendant, plaintiff in error, the trial court had no opportunity to pass upon because they were not raised at the trial. They are not, therefore, considered here.

The pleadings do not present any serious question. The issue for determination was whether the defendants, as part of the purchase price of the saw mill, jointly promised and agreed with Kimball to pay and discharge this indebtedness of Kimball to the plaintiff. It is immaterial whether the defendants Aspergren and Critchfield were copartners.

If they jointly made the promises and agreements set forth in the complaint and failed to keep them, they are liable, whether they were co-partners or mere joint promisors. This conclusion disposes of numerous objections interposed at the trial, and renewed here, to the evidence offered by the plaintiff, as well as other objections made to some of the instructions.

We have examined this record, both the transcript and the printed abstract, read the instructions given and those requested by defendants and refused by the court. The evidence is in hopeless conflict, the plaintiff testifying to, and the defendants denying, the promises alleged. It is enough to say that the letters of both defendants, in evidence, and the admissions by Aspergren on his cross-examination, are legally sufficient to sustain the verdict and the judgment. The case presents, so far as concerns the evidence, merely a conflict. The jury were the sole judges of its probative effect, and it was their province alone to pass upon the credibility of witnesses who testified at the trial. We can not interfere with their findings which were approved by the trial court. That the complaint states a good cause of action is unquestioned. The instructions fairly stated to the jury the issues to be determined. Some of those requested by defendant were altogether improper and related to fanciful issues, some were not responsive to the evidence. Insofar as these requested instructions were good, they were sufficiently covered by those given by the court of its own motion.

It is an unwarranted assumption by the defendant that in the replication there was, in any material respect, a "departure" from the allegations of the complaint. Neither was there a "departure" or "variance" in the proof. The promises alleged in the first count are promises to pay an indebtedness represented by a note of $2,000. The indebtedness was represented by such a note at the time of the transaction, but this instrument was subsequently split into two notes of $1,000 each. Since the complaint alleges

that the defendants jointly promised to pay Kimball's indebtedness to the plaintiff, part of which was represented at first by a $2,000 note, the fact that, by agreement of the parties, which the testimony establishes, the original note was subsequently split into two smaller ones is wholly immaterial. If the defendants did not pay them or the indebtedness represented thereby, plaintiff was entitled to recover the entire debt, whether evidenced by one note for $2,000, or by two notes for $1,000 each.

Other objections argued by defendant in his brief are just as untenable and equally lacking in merit. Even to mention all of them would unduly prolong the opinion. This is one of many cases where issues of fact have been determined by a jury against one party, who is disappointed, but who is entitled to no relief at the hands of a jury or trial court or appellate court when, as here, the evidence is legally sufficient to sustain the verdict and judgment, and no prejudicial errors were committed by the court in its rulings at the trial upon the evidence and in instructing the jury.

To some of the errors assigned we have already indicated that the objections made at the trial are not properly saved for review here. It would be manifestly improper and prejudicial to the successful party and unfair to the trial court to permit the unsuccessful party on a review to be heard on objections not made below, which, if made, might, as here, have been cured by his adversary or avoided or corrected by the trial court, if their attention had been directed thereto at the trial.

There being no prejudicial error appearing in this record, the judgment must be, and is, affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.