## HOLT v. FIRST STATE BANK OF MIAMI.
### No. 3465.

Court of Civil Appeals of Texas. Amarillo.
Oct. 22, 1930.

Rehearing Denied Nov. 12, 1930.

Kinney & Ritchey, of Miami, and Sanders & Scott, of Amarillo, for appellant.

Cook, Smith & Teed, of Pampa, for appellee.

HALL, C. J.

The appellee bank sued appellant Holt and the Citizens' State Bank of Wheeler to recover the amount due upon a check in the sum

of $802.78, which Holt had given, payable to the order of James Cook, and which Cook had indorsed to appellee.

The appellee alleged that in issuing the check, Holt had acted as the agent of the Citizens' State Bank; that Cook presented said check to plaintiff bank at its place of business in Miami, duly indorsed, and was given credit for the amount thereof, less $91.-95 due on a note which plaintiff bank held against Cook's son and which Cook agreed to pay. That the check was presented to the cashier of plaintiff bank after closing hours, and on the following day plaintiff issued a deposit slip to Cook for the amount of said check, less the amount of said note, or $710.83, and surrendered the note to Cook. That the deposit slip given Cook contained the following notice printed thereon in very small type: "In receiving items for deposit or collection this bank acts only as the depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This bank will not be liable for default or negligence of its duly selected correspondents, nor for losses in transit, and each correspondent so selected shall not be liable except for its own negligence. This bank, or its correspondents may send items directly or indirectly, to any bank including payor, and accept its draft or credits as conditional payment in lieu of cash. It may charge back any item at any time before final payment, whether returned or not, also any items drawn on this bank not good at close of business on day deposited."

That said check was promptly forwarded to the defendant bank at Wheeler for payment. That within the next few days Cook checked out the entire balance evidenced by the deposit slip and thereafter the defendant bank returned the check with the words "account garnisheed" stamped thereon. Plaintiff bank alleges that it purchased the said check from Cook. That the drawee bank and Holt had refused payment thereof and prayed for judgment for the amount of the check and interest.

The defendant Holt and the Citizens' State Bank of Wheeler filed joint answer, denying the allegation that the plaintiff bank had ever purchased the check, and alleging that it was deposited by Cook for collection and accepted by plaintiff bank as the agent of Cook for the purpose of collecting it from the defendant bank. That prior to the time the check was presented to the defendant bank for payment, J. B. Williams had instituted a suit in the district court of Wheeler county against James Cook et al., and, prior to the presentation of said check for payment, Williams had caused a writ of garnishment to be issued in his case and served upon the defendants before said check was presented for payment. That thereafter Williams recovered a judgment against James Cook for a sum in excess of the amount of the check sued on by plaintiff in this case. The defendants further allege that at the time plaintiff accepted the check it was the general custom and usage among all banks, especially among banks in the vicinity of plaintiff bank, to accept checks drawn on out of town banks for collection and to withhold the payment of any checks or orders on said fund until the drawee bank had either accepted or paid said check and remitted the amount to the original bank. That plaintiff knew of such custom at the time it accepted the check from James Cook, and is bound thereby.

A jury was impaneled, but after hearing the testimony the court directed a verdict against the plaintiff in favor of the Citizens' State Bank of Wheeler and in favor of plaintiff against R. D. Holt for the sum of $773. From a judgment entered in accordance therewith, Holt only appeals.

There are numerous assignments and propositions which will not be considered in detail, because, as we view the case, the sole question is: Under the evidence, did the court err in instructing a verdict upon the theory that the plaintiff bank had purchased the check and was the owner of it?

[1] If the question is to be answered in accordance with the printed notice on the deposit slip set out above, then it is clear that the court erred, because the only inference which can be drawn from it is that the bank took the check for collection, but the slip is merely a receipt for the check, and evidence is admissible to explain the real arrangement or agreement upon which appellee received the check. First National Bank v. Mangum (Tex. Civ. App.) 176 S. W. 1197.

Cook did not testify. H. A. Baird, cashier of the plaintiff bank, stated that he received the check from Cook and issued a deposit slip giving the latter credit for it in the sum of $710.83. That the check was for $802.78 and he gave Cook credit for the whole amount, but deducted therefrom the amount of a note which Cook's son owed the bank and gave Cook credit for the balance, which was $710.83. He then sent the check off for collection. On cross-examination he stated that Cook brought him the check on the evening of August 27th after the bank had closed, and that Cook brought the check to him and gave it to him at his house. That he deposited it the next morning when he went to the bank and actually entered the deposit on the 28th. The testimony further shows that the plaintiff bank honored checks drawn upon the fund by Cook, and that the whole fund had been paid out before the check came back to the bank dishonored because of the garnishment proceedings. He testified that he did not call up the bank at Wheeler

and make inquiry concerning the validity of the check because he knew Mr. Holt, who was an officer of that bank, and considered the check good. Neither Baird·nor Talley, assistant cashier of the plaintiff bank, ever testified that the bank actually purchased the check. The fact that they proceeded to honor Cook's checks drawn against the deposit might be testimony from which a jury would conclude that the check had been sold to the plaintiff bank rather than deposited there for collection. In any event, the testimony is such as to raise an issue of fact which the court should have submitted to the jury. Merchants' Bank v. Gallagher et al. (Tex. Civ. App.) 8 S.W.(2d) 683; O'Hara et al. v. Texas National Bank (Tex. Civ. App.) 299 S. W. 649; Mayfield Co. v. First National Bank of Terrell (Tex. Civ. App.) 287 S. W. 510.

Because the court directed a verdict instead of submitting the issues to the jury, the judgment is reversed, and the cause remanded.