# No. 17,093.

## Rosenthal *v.* Citizens State Bank of Cortez.
### (266 P. [2d] 767)

Decided February 8, 1954.

Mr. PHILIP HORNBEIN, Mr. PHILIP HORNBEIN, JR., for plaintiff in error.

Mr. DAN MILENSKI, Mr. MARVIN PING, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE shall designate the parties as they appeared in the trial court, where plaintiff in error was plaintiff, and defendant in error was defendant.

The record in this case is voluminous, but there is only one issue presented. A concise statement of the case is to be found in the following instruction to the jury:

"Statement of the Issues

"The plaintiff in this cause, Joe Rosenthal, alleges that on July 30, 1951, he deposited the sum of $2,500 in the Citizens Bank of Cortez, the defendant herein, at its banking house in Cortez, Colorado, by delivering the said amount of money to the Bank's authorized agent and teller, Eloise Ferree; and that the Bank has failed and refused to account to him for said money, and has failed and refused to pay the same over to him despite his demand upon them therefor.

"On the other hand, the defendant Bank denies that the plaintiff deposited said sum in their Bank, or that the plaintiff paid over and delivered such sum to its teller, Eloise Ferree or to any other agent of the Bank; and such Bank justified its refusal to pay over such sum to plaintiff on the ground that it did not receive such sum from him. These are the issues which you are to

decide." The jury returned a verdict for defendant and plaintiff brings the cause here on writ of error.

The issue submitted to the jury was whether or not plaintiff had deposited $2,500 in currency in defendant bank on July 30, 1951. Plaintiff testified that on that date he made three separate trips to defendant bank. The first, he said, was immediately after the bank opened, when he deposited with teller Ferree $2,500 in one hundred dollar bills, submitting with the money a deposit slip and plaintiff's pass book in which the said teller Ferree entered this deposit. Later, on the same day, plaintiff said he made another deposit in defendant bank in the sum of $1,500, this time dealing with Mrs. Hinton, another teller. He testified that Mrs. Hinton entered the deposit in his bank pass book. Plaintiff said after this second trip to the bank he went back again and cashed a check for forty dollars at defendant bank, this time being served by a tall, thin man whose name he did not know. He later testified that this check was cashed by a woman in the bank. In connection with plaintiff's claimed deposit of $2,500 there was in evidence duplicate deposit slips for this amount, found in the cage of teller Ferree, and by her initialed. Similar deposit slips were submitted to Mrs. Hinton when the fifteen hundred dollars was deposited, but she said that she executed the duplicate, returned it to plaintiff; that the entry of $1,500 in plaintiff's pass book was not made by her, and the letter "G," her symbol opposite this entry, was not her writing. It appears that when the bank closed on July 30, 1951, and an attempt was made to balance her accounts, teller Ferree was unable to account for $2,500, being the item mentioned on the duplicate deposit slips bearing plaintiff's name. Mrs. Ferree testified that she did not receive this deposit of cash; that she did initial the deposit slips as a routine matter during the course of the day, having found them on her desk; that the entry in plaintiff's pass book showing $2,500 deposited by him on that day, and bearing the

symbol "E," was not entered by her; that on the 30th day of July, 1951 the first thing this witness saw of plaintiff was about the time the bank opened, when he cashed a forty dollar check at her window. Shortly thereafter she saw him at the window of teller Hinton, and that he was not back in the bank that day. Her evidence was corroborated by Mrs. Hinton. Plaintiff offered the testimony of two handwriting experts. Their evidence constitutes the greater part of this voluminous record. While admitting certain handwriting discrepancies in the bank pass book entries, the expert witnesses gave it as their opinion that the symbol "E" in the pass book, indicating the disputed deposit of $2,500, was that of Mrs. Ferree.

We are urged to reverse this judgment, "because the evidence was conclusive that plaintiff had made the deposit, the verdict of the jury is contrary to the evidence, and the court should have granted plaintiff's motion for a new trial.

■ If the jury believed the evidence offered by plaintiff, he was entitled to a verdict. On the other hand, if the jury believed the evidence introduced by defendant bank, it was entitled to a verdict at the hands of the jury. It being conceded that the jury was properly instructed, its findings are conclusive on this court.

■ The weight to be attached to expert testimony concerning handwriting is for the jury, under proper instructions. *Ausmus and Moon v. People,* 47 Colo. 167, 107 Pac. 204.

■ Opinion evidence by experts is subject to the same scrutiny concerning its weight as that given any other evidence in the case. The jurors are not bound by the testimony of the expert; his testimony is to be canvassed as that of any other witness; the mere fact that the witness was called as an expert and gave opinions on a particular point does not necessarily obligate the jury to accept his opinion as to what the facts are in

the face of testimony of witnesses claiming to have actual knowledge of the facts.

■ A reviewing court must indulge in all reasonable presumptions in favor of the verdict. In *Maloney v. Jussel*, 125 Colo. 125, 241 P. (2d) 862, we said: "On the specification that the verdict of the jury was contrary to the evidence, little additional need be said. We have so many times declared that where the evidence is in conflict and is such that the minds of reasonable men might not be in agreement, or draw different inferences therefrom, it is the peculiar province of the jury to make determination of the facts. No citation is necessary. Neither is it necessary to cite authority to the effect that every presumption favors the correctness of the verdict, and that the conclusions and findings of the jury, as the trier of facts, will not be disturbed on review in the absence of a clear showing of passion or prejudice."

■ The verdict of a jury, based on conflicting evidence, and approved by the trial court, will not be disturbed on review. *Aspergren v. Younker,* 74 Colo. 511, 223 Pac. 62; *Ryan Gulch and Reservoir Co. v. Schwartz,* 83 Colo. 225, 263 Pac. 728; *Schell v. Kullhem,* 127 Colo. 555, 259 P. (2d) 861 (decided June 15, 1953).

It is well known that a depositor has his deposit noted in his pass book, or obtains from the bank teller a signed duplicate deposit slip as evidence of his transaction with the bank. Here, plaintiff did not have the signed duplicate deposit slip. Both portions of this slip were in possession of the bank. He claims that his deposit was noted in his pass book by Mrs. Ferree, and that the symbol "E" in the pass book was in her handwriting. This, Mrs. Ferree denied.

■ Counsel for plaintiff lay much stress on the fact that the deposit slips were initialed by Mrs. Ferree, and insist that the liability of the bank was thereby fixed. The rule is stated in *Stankey v. Citizens' National Bank of Laurel,* 64 Mont. 309, 209 Pac. 1054, as follows: "It is

well settled that a deposit slip is a mere receipt or memorandum, and is not conclusive against the bank *issuing it.* Parol evidence is admissible to explain it, in the same manner as in the case of any other receipt. *Standing alone, it is not proof of liability and will not support an action against the bank."* (Emphasis supplied.)

In the instant case the bank did not "issue" the deposit slip. Plaintiff does not base his case on the deposit slip, but on the entry in the bank book. He says the deposit slip corroborates the bank book entry, and that on the entire record he is entitled to recover.

The law with reference to bank deposit slips is summarized in 9 C.J.S., page 552, section 270, as follows: "Deposit Slips. A *deposit slip is a mere acknowledgement by the bank that the amount named has been received,* and an indication of the customer's purpose to make a deposit. While such slip constitutes an admission by the bank that the relation of debtor and creditor has been created, and furnishes evidence of the date and amount of deposit, *it is not conclusive, and the true state of the accounts and not the deposit slip or bank entry determines the rights of the parties."* (Emphasis supplied.)

The following cases are directly in point: *Owen v. Tangipahoa Bank & Trust Co.,* 180 La. 747, 157 So. 549; *Butler v. Farmers National Bank,* 173 Ia. 659, 155 N.W. 999; *Re Fidelity Bank & Trust Co.* (Mo. App.), 77 S.W. (2d) 480; *Stankey v. Citizens National Bank,* 64 Mont. 309, 209 Pac. 1054; *Turner v. American National Bank,* 83 Okla. 259, 201 Pac. 514; *Pool v. White,* 175 Pa. St. 459, 34 Atl. 801; *Holt v. First State Bank* (Tex. Civ. App.), 32 S.W. (2d) 386; *Reeder v. West Side Trust and Savings Bank,* 190 Ill. App. 59. See, also, 7 Am. Jur., page 330, section 461.

A bank pass book and the entries therein do not constitute a written contract, but are in the nature of a receipt, and open to explanation or contradiction by

parol or extrinsic evidence. The actual status of the bank account determines the rights and liabilities of the parties to the transaction. Before liability may be predicated upon a mere deposit slip or bank book entry, the jury must find, under proper instructions, that the money or its equivalent was actually received by the bank or its agent. In fact, counsel for plaintiff admit in their brief that the "deposit slip is not conclusive, that it is open to explanation."

Under instructions, in no way challenged, the single issue in this case was submitted to the jury and by it resolved in favor of defendant bank. The fact-finding body saw and heard the witnesses, evaluated the evidence before it, and came to a conclusion, which was its distinct province.

The judgment is affirmed.

MR. JUSTICE HOLLAND not participating.