UNITED STATES, Appellee,

v.

Sergeant First Class William E. CUMMINGS, SSN 238–50–4852, United States Army, Appellant.

CM 434106.

U. S. Army Court of Military Review.

29 July 1977.

Captain Buren R. Shields, III, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, and Lieutenant Colonel John R. Thornock, JAGC.

Captain Nancy Battaglia, JAGC, argued the cause for the appellee. With her on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Richard A. Kirby, JAGC.

Before COOK, Senior Judge, and DRIBBEN and DeFORD, JJ.

OPINION OF THE COURT ON
RECONSIDERATION

DRIBBEN, Judge:

The United States Court of Military Appeals vacated our earlier decision in this case and remanded it to this Court for further consideration in light of *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977).[1]

Appellant was charged with one specification of larceny ($5,265.25), one specification of obstruction of justice, and one specification of forgery, in violation of Articles 121, 134, and 123, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921, 934, and 923, respectively. Consistent with his pleas, he was found guilty of the lesser offense of wrongful appropriation, guilty of forgery and not guilty of obstruction of justice.

Appellant was the manager of an enlisted men's club in Germany. Initially, he was charged with larceny of funds intended for deposit in the club's account at the American Express Bank. Thereafter, in order to cover his defalcations, appellant filled out deposit slips and stamped them "received" with a facsimile of an American Express teller's stamp. He then photocopied the deposit slips and attempted to use them to show that the money was deposited and that the bank statements, which failed to show these deposits, were in error.

I

To be the subject of a forgery charge, a writing must be one which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice. Paragraph 202, Manual for Courts-Martial, United States, 1969 (Revised edition); Article 123, UCMJ, 10 U.S.C. § 923. To have the requisite apparent legal efficacy, the writing must appear either on its face or from extrinsic facts to impose the requisite liability.

1. Appellant's waiver of appellate representation before this Court became the subject of conflicting allegations made by appellant and his trial defense counsel. Upon return of the record to this Court, appellant requested representation before us by appellate counsel.

Thus, the false making, with intent to defraud, of an instrument affirmatively invalid on its face is not a forgery nor is the false making or altering, with intent to defraud, of a writing which could not impose a legal liability. Paragraph 202, Manual, *supra.*

Appellant relies on *United States v. Aronson*, 25 C.M.R. 653 (A.B.R. 1958), for the proposition that this Court has "clearly embraced" the view that a bank deposit slip is not a document which on its face has the requisite efficacy to effect a legal right. He then contends that the specification of the forgery charge fails to state an offense in that allegations of ". . . extrinsic facts showing how . . . [the bank deposit slips] could be, or [were] in fact, used to prejudice the legal rights of another" are omitted. *United States v. Farley*, 11 U.S.C. M.A. 730, 732, 29 C.M.R. 546, 548 (1960). We disagree in each instance.

*Aronson, supra,* is distinguishable from the case at bar. In that case the false making of the deposit slips was an effort on the accused's part to mislead his co-workers into believing that he did not have the money in question in his possession and was

not an attempt to defraud a bank. Furthermore, there was no showing at trial that the subject deposit slips either independently or as a step in a series appeared to perfect a legal right or to impose a liability. *See United States v. Driggers*, 21 U.S.C.M.A. 313, 45 C.M.R. 147 (1972).[2]

■■ Unlike *Aronson, supra,* the record of trial in the instant case[3] establishes that the American Express Bank would have had no alternative but to assume liability if it had determined that the documents in question were copies of genuine bank deposit slips. In this respect we are persuaded by the reasoning of the Supreme Court of Missouri in *State v. Jackson*, 221 Mo. 478, 120 S.W. 66 (1909), wherein it was held that a deposit slip is *prima facie* evidence of receipt of funds by the bank in the absence of a showing that the money was not received by the bank or that it had been withdrawn on checks or otherwise. The Court pointed out that the very purpose of issuing a deposit slip to the depositor is to give him evidence that he had deposited in the bank the amount stated thereon.[4]

---

2. We also note that the Board of Review in *Aronson, supra,* qualified its decision that the deposit slips in question were not subject to forgery by stating:
"We do not intend to suggest that a receipt can never be the subject of forgery (see par. 202, MCM, 1951), nor that the alteration of a bank deposit slip could never under any circumstances constitute that offense. We only hold here that under the cases cited the papers allegedly altered lacked the requisite *apparent* legal efficacy, and that extrinsic evidence to supply such element or to show an intent to defraud was not adduced." 25 C.M.R. at 662. (Emphasis in original).

3. Parol evidence is admissible to establish the true status of the subject account. *Rosenthal v. Citizens State Bank*, 129 Colo. 35, 266 P.2d 767 (1954) (En banc) and cases cited therein. Annotation 42 A.L.R.2d 600 (1955).

4. The importance of this doctrine to criminal jurisprudence and banking is explained by the Missouri Supreme Court as follows:
". . . Unless these deposit slips, which are in such common use by all the banks over the country, are issued for the purpose of furnishing evidence of the indebtedness of the bank by reason of such deposit slips, then

clearly they should be treated as mere worthless paper. If the deposit slip or ticket, as alleged in the indictment, is not to be construed as an evidence of debt, and it is to be held that depositors indiscriminately may make a deposit of $50 in a bank, add a cipher to it, and make it $500, or make a deposit of $500, add a cipher, and make it $5,000, with the privilege of entering the courts of the country contesting for the recovery of the amount in the altered instrument with the bank for money had and received, without subjecting themselves to a criminal prosecution, then we confess that the banks doing business in this state would have very little or no protection against the perpetration of such frauds, and would be compelled to cease the long-established method of doing business by the issuance of deposit slips to depositors. To so hold would be but an invitation to the criminal classes of our population to unjustly seek the money and property of the business institutions of the country, as well as a humiliation to the law-making power of this great commonwealth in failing to provide that administering of proper punishment for the perpetration of frauds of this character." *Jackson, supra,* 120 S.W. at 72.

Applying the foregoing rule of law, we believe that the specification of the forgery charge in the case at bar is sufficient to state an offense under Article 123, UCMJ.

## II

█ The staff judge advocate in his review erred in advising the convening authority that the maximum authorized confinement based on correct findings was 15 years, rather than five years and six months. The former would have been correct had the appellant been found guilty as charged. The prejudice resulting from the error can be purged by reassessing the sentence. *United States v. Geib*, 9 U.S.C.M.A. 392, 26 C.M.R. 172 (1958). We note, parenthetically, that the staff judge advocate did not specifically mention the maximum imposable punishment in advising the convening authority that the adjudged sentence had to be reduced to the level agreed upon in the pretrial agreement.

## III

Consideration of appellant's other allegations of error reveals them to be without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms the sentence as approved by the convening authority.

Judge DeFORD concurs.

Senior Judge COOK absent.