**161 So. 15**

**In re CANAL BANK & TRUST CO. (FERGUSON, Intervener).**

**In re BROCK, State Bank Com'r.**

**No. 33048.**

April 1, 1935.

Dufour, St. Paul, Levy & Miceli and Rene J. Waguespack, all of New Orleans, for applicants.

Miller, Bloch & Martin, of New Orleans, for intervener.

FOURNET, Justice.

Intervener filed this proceeding against the liquidators of the Canal Bank & Trust

Company to be recognized as a creditor for the sum of $275, and to be paid by preference and priority over all other creditors of the bank, by virtue of the provisions of Act No. 63 of 1926.

The liquidators admitted the indebtedness, but denied that the intervener was entitled to the benefits of Act No. 63 of 1926, averring that the items in question were deposited for payment and not for collection.

There was judgment in favor of the intervener as prayed for, and the liquidators appealed. The Court of Appeal affirmed the judgment. 155 So. 266. We granted the liquidators' petition for a writ of certiorari, and the case is now before us for review.

The facts of the case are undisputed and are stated by the Court of Appeal as follows:

"On February 19, 1932, Thomas J. Ferguson [intervenor] deposited with the Canal Bank for collection five interest coupons of $50 each and one of $25, which had been detached from bonds issued by Stovall Properties, Inc. These coupons were payable March 1, 1933, at the Canal Bank, paying agents for Stovall Properties, Inc. Funds had been deposited with the Canal Bank by the Stovall Properties, Inc., and were available on March 1st, the due date of the coupons, but for some reason not disclosed by the record a credit was not made to the account of Ferguson until March 21, 1933. In the meanwhile the Canal Bank and other banks in the city of New Orleans were closed on March 2, 1933, reopened again on a restricted basis [5% available and 95% restricted or frozen] on March 3, 1933, and the

Canal Bank finally placed in liquidation by the State Bank Examiner on May 20, 1933."

The relevant part of Act No. 63 of 1926 reads as follows:

"When any bank receives as agent * * * for collection and remittance or delivery to its principal and not for deposit any * * * evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank. * * * " Section 1.

The only evidence offered in connection with the deposit of the coupons is the deposit slip, which plainly shows that, at the time the coupons were placed with the bank, both parties considered them as items for collection, not only because of the printed provisions on the deposit slip, but also because they were plainly stamped in large red letters with the notation "For Collection." There is not a scintilla of evidence that the intervener, expressly or impliedly, authorized the bank to deposit the proceeds of the coupons to his account. Even if it could be said that the bank, in the absence of express instructions to the contrary, had the implied authority to deposit the proceeds to the intervener's account, certainly this implied authority came to an end when the bank on March 2d went on a restricted basis. It is inconceivable that any one would authorize the bank to deposit his funds under those circumstances. If the bank had continued to act in its full normal capacity

as it was doing at the time the deposit was made, then it might be reasonable to say that the alleged implied authority continued. In any event, the deposit of the proceeds was not made until March 21st. This deposit certainly was not with the consent, express or implied, of the intervener.

 The argument that the intervener placed these items for payment and not for collection is without merit. By coincidence, the bank happened to be the paying agent for the debtor and the collecting agent for the creditor. The bank had a right to act in this dual capacity, because there was no conflicting interest. It is quite common in banking circles for the bank to act in such a capacity.

The case of In re Liquidation of Canal Bank & Trust Co. (Intervention of John F. Clark & Co.) 160 So. 609,[1] of this court, relied upon by the liquidator, is not in point, because in that case the customer consented to the immediate negotiation of the drafts and the deposit of the funds to his unrestricted checking account, while the bank was doing business on an unrestricted basis.

It is our opinion that this case clearly falls within the provisions of Act No. 63 of 1926 and that the judgments of the district court and the Court of Appeal are correct. Hall, Inc., v. Farmers' Bank & Trust Co. of Lockport, 177 La. 659, 148 So. 909; Jeffrion-Woods, Inc., v. Brock, 180 La. 771, 157 So. 589; Vivian State Bank v. Satterwhite, 180 La. 856, 157 So. 788, 789.

Judgment affirmed, at relator's costs.

[1] 181 La. 856.