162 So. 8

**OWEN v. TANGIPAHOA BANK & TRUST CO. et al.**

No. 33282.

April 29, 1935.

Rehearing Denied May 27, 1935.

Ponder & Ponder, of Amite, for appellants.

Rownd & Warner, of Hammond, and James Wilkinson, of New Orleans, for appellee.

FOURNET, Justice.

Plaintiff originally filed suit against the Tangipahoa Bank & Trust Company for the sum of $2,500, representing the proceeds of a check drawn on the Chase National Bank of Panama, alleged to have been deposited by him on August 14, 1933, with the defendant bank for collection. Subsequently the bank went into liquidation, and the bank commissioner and his special agent were made parties to the suit. After trial of the case, the judge of the district court granted judgment in favor of the plaintiff and made the judgment executory against any property or assets of the bank. From the judgment an appeal was taken to this court. We annulled the judgment and remanded the case to the district court "to be proceeded with according to law." Owen v. Tangipahoa Bank & Trust Co., 180 La. 747, 157 So. 549, 551.

We remanded the case because the district judge erroneously excluded the defendant's evidence and granted the plaintiff an executory judgment beyond the prayer of his petition.

In due course the plaintiff filed an amendment to his original petition, claiming a privilege under the provisions of Act No. 63 of 1926, and amended the prayer of his petition accordingly. Whereupon the defendant filed a motion to strike the amended petition from the record, for the reasons that it came too late, changed the issues, and that an amendment is not permitted where issue is joined and the amendment is to escape the issue. This motion was denied by the court. The defendant then attempted to file an exception of no cause or right of action, and the court refused to allow the filing thereof. In both instances the pleadings were made part of this record by attaching them to bills of exceptions.

Defendant filed a plea of estoppel, the basis of which is that the plaintiff, having withdrawn his 5 per cent. of the deposit after the bank closed on August 24, 1933, consented to and ratified the proceedings taken by the defendant by implication. This plea was overruled by the district judge.

Defendant finally filed an answer to the supplemental petition, denying the allegations thereof and averring that the plaintiff had deposited the proceeds with the bank and was not entitled to a preference under Act No. 63 of 1926.

The case was tried and the trial judge rendered judgment in favor of the plaintiff according to the prayer of his amended petition. The defendant has appealed.

We will first dispose of defendant's motion to strike out the supplemental and amended petition. It appears to us that the original petition sufficiently indicated that plaintiff was seeking a preference and the supplemental petition only amplified the original one. We find no error in the judge's ruling.

As to defendant's plea of estoppel and exception of no cause or right of action, it is our opinion that the district judge should have permitted the filing of these pleadings. We also find that the plaintiff's petition sets forth a cause or right of action. The fact that plaintiff withdrew the 5 per cent. made available to him when the bank was placed on a restricted basis would not have the effect of precluding him from asserting whatever rights he might have in the premises.

Plaintiff contends that the evidence shows he placed the draft with the bank for collection and did not authorize the deposit of the proceeds. Defendant admits that the draft was deposited for collection, but denies that the deposit of the funds was unauthorized.

Plaintiff testified:

"Q. Will you tell the Court all the conversation you had with Mr. Herbert and Mr. Smith with reference to this check in question and the times you went into the bank and the dates you went into the bank and talk slow enough so the stenographer can write what you say.

"A. On August 9th I took this draft for $2500 and gave it to Mr. Herbert and asked him if he would collect it for me. He said yes. I asked him if it was going to cost anything if they charged anything for collection as they charged me for collecting a Treasury check and he said he didn't think there would be and accepted the draft for collection. He didn't give me any receipt for the draft and at the time I didn't think anything about it but on the 12th I went in there again and asked them if they had collected the money. He said no they hadn't had time. On the 14th I went in again. Mr. Herbert was not in the cage but Mr. Smith was in the cage and I asked him that if it had been collected and Mr. Smith said Mr. Owen, don't you worry your money is all right. I said, Mr. Smith, I have nothing to show that I gave you a check and anyone can cash that check and keep it for all I can do about it. Therefore, Mr. Smith wrote out this receipt on a regular deposit form and marked it duplicate and signed it and gave it to me as a receipt that they had received the draft for collection. After that I didn't have any more anxiety about the check. I left the bank telling Mr. Smith when the money arrived to notify me right away as I wanted to know. I didn't return to the bank nor received any word until my wife came from uptown and told me the bank had closed and restricted the deposits. That was my first knowledge. I never had any money to run on except the check that I drew that day. I drew that money that was available to me to pay my running expense. That is the state of affairs."

Mr. Smith, a former employee of the bank and acting as special agent for the bank commissioner in liquidating the bank, states:

"Q. Mr. Smith, in the original trial the deposit slip was introduced and filed in

evidence over the objection of the defendant and showing the deposit, original deposit of $2500, and signed by you as C. C. Smith given under date of August 14th, 1933, and it had written on it 'Coll.' Tell the Court when that was given by you, why and all the facts pertaining thereto.

"A. On or about August 18th or 19th Mr. Owen came into the Tangipahoa Bank & Trust Company and I was standing back of the counter in the bank which is a part of the bank and inquired if a certain check he had left had been paid. I referred to the records of the Bank and found that his account had been credited with an item of $2500 on August 14th, 1933. I advised Mr. Owen that his account was credited on August 14th with $2500. He then said he would like to get a receipt. I took a deposit slip and I wrote the name of Gilbert B. Owen and 'Coll' and signed it putting in the amount and his account was credited on August 14th. The word abbreviated as 'Coll' was made for the purpose of identifying a deposit which represented an item collected in the amount of $2500.

"Q. That 'Coll' meant collected and not for collection?

"A. It represented an item collected for which the same had received credit and the reason why the date was dated the 14th was in order to identify the receipt with the exact date that his account was credited."

The defendant sought to file and introduce in evidence the original deposit slip, the bank's statement, checks of the plaintiff, the letter addressed by the bank to the Chase National Bank with reference to the collection of the check drawn on it, dated August 8, 1933, the answer of the Chase National Bank dated August 11, 1933, the 5 per cent. participating certificate, and to have the cashier of the bank testify in connection therewith, using the documents to refresh his memory. The trial judge refused to allow the testimony and the introduction of the evidence, all of which we think should have been admitted in order to determine the intention of the parties. But the documents are attached to bills of exceptions filed in the record, and therefore afford this court an opportunity to examine them. And, though the defendant's witnesses were considerably handicapped by the rulings of the district judge, we find the evidence preponderates in favor of defendant's contention, i. e., that, after the drawee bank remitted on the item sent for collection, plaintiff received notice that his account had been credited with the proceeds of the check on the 14th day of August, 1933, and that he consented to, and did acquiesce in, the bank's action.

We are fortified in our views by the fact that plaintiff had an account with the defendant bank with a substantial balance, and he did not withdraw the money, which he naturally would have done had he doubted the solvency of the bank. We

find that the cashier's (Mr. Herbert) testimony is fully corroborated by every link in the chain of evidence. The letter addressed by the cashier to the Chase National Bank on the 9th, together with the deposit slip in the records of the bank, show that the check was deposited for collection on the 9th and not on the 14th of August, as alleged by plaintiff in his petition. Moreover, plaintiff admits this in his evidence. The Chase National Bank's letter answering defendant bank's letter, dated August 11th, strengthens and strongly corroborates the evidence to the effect that the defendant bank received notice on the 14th that the drawee bank had honored the check, the date on which plaintiff's account was credited with the $2,500, as shown by the customer's ledger sheets. Then, too, we have Mr. Smith's testimony, when asked by plaintiff whether the check had been paid, that he looked up his account and advised him that the check had been paid and his account credited therefor. That, coupled with the fact that in issuing a receipt upon plaintiff's request, he did so and marked it "duplicate" and though this was on the 18th or 19th of August, he gave the deposit slip the date of the credit, the 14th.

Plaintiff's testimony shows that he was anxious to know if the check had been paid. He deposited the check on the 9th, called at the bank on the 12th, and was told that the item had not sufficient time to clear. He called again on the 14th. It is obvious that, if he had not been told of the payment of the check and he did not understand what the "duplicate" deposit slip receipt meant, he would have made further inquiry, because he came to the bank several times thereafter and continued to check against his account.

We find the additional evidence, which strongly indicates plaintiff's *intention* in the matter. He had deposited a check, drawn on the same bank on July 19th, 1933, for the sum of $72.84, the proceeds of which were credited, to his account on August 5, 1934, *four days* before the $2,500 check was presented for collection, and this item was handled in identically the same manner as the $2,500 item, concerning which plaintiff made no complaint or protest.

The relevant part of Act No. 63 of 1926 is as follows:

"When any bank receives as agent * * * · for collection and remittance or delivery to its principal and not for deposit any * * * evidence of indebtedness, or other instrument, and collects or realizes any money on the same, *and has not deposited same to the credit of said principal,* the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank. * * *" (Italics ours.)

We are of the opinion that the proceeds of the $2,500 check were deposited to plaintiff's account on the 14th of August with his knowledge and consent. Plaintiff, therefore, is not entitled to the privilege

claimed by him under the provisions of Act No. 63 of 1926. In re Liquidation of Canal Bank & Trust Co. (Intervention of John F. Clark & Co.), 181 La. 856, 160 So. 609, and In re Liquidation of Canal Bank & Trust Co. (Intervention of Thomas J. Ferguson), 182 La. 45, 161 So. 15.

The district judge declined to allow any evidence to be introduced by the defendant to show that the plaintiff had withdrawn the 5 per cent. of his deposit, made available when the bank went on a restricted basis, giving as his reasons therefor that defendant's answer did not set out that he had actually withdrawn the 5 per cent. but instead had pleaded that the same was available to plaintiff. This is true as far as the original answer is concerned, but the supplemental answer sufficiently raises the issue, and hence the ruling of the trial court is incorrect.

The evidence shows that plaintiff actually withdrew the 5 per cent. available to him. This fact is brought out in plaintiff's own testimony and, moreover, conclusively shown by the bank's statement and plaintiff's checks.

For the reasons assigned, the judgment of the district court is annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment in favor of Gilbert B. Owen and against J. S. Brock, state bank commissioner, and C. C. Smith, special agent, as liquidators of the Tangipahoa Bank & Trust Company, in the full sum of $2,375, subject to the credit of such amounts and liquidating dividends that may have been paid since the filing of this suit, recognizing plaintiff as an ordinary creditor, to be paid in due course of the liquidation proceedings; plaintiff to pay the costs of appeal.