### In re CANAL BANK & TRUST CO. *

Intervention of GRAND CONSISTORY OF LOUISIANA.

No. 15052.

Court of Appeal of Louisiana. Orleans.
May 13, 1935.

Rehearing Granted May 14, 1935.

On Rehearing May 27, 1935.

Dufour, St. Paul, Levy & Miceli and Rene J. Waguespack, all of New Orleans, for appellant.

Benjamin Y. Wolf, of New Orleans, for appellee.

WESTERFIELD, Judge.

Intervener, Grand Consistory of Louisiana, seeks in this proceeding to be recognized as a privileged creditor in the sum of $999.54, invoking the provisions of Act No. 63 of 1926. There was judgment below dismissing the petition in intervention, and an appeal has been taken to this court.

The facts necessary to a decision of the question presented are not disputed. On March 1, 1933, and for some years prior thereto, the Canal Bank & Trust Company had in its possession certain securities belonging to intervener in a sum in excess of $100,000. Under an agreement between intervener and the bank, the interest coupons were detached from the securities after they became due and deposited to the credit of intervener in the checking account which it had in the bank. On February 24, 1933, there were a number of coupons aggregating $1,537.75 detached from the bonds belonging to intervener preparatory to their collection on their due date, March 1st of that year. On March 1st, the intervener's account was credited with the face value of the coupons, though the bank did not actually receive the credit for the coupons, which was effected through the clearing house, until the following day, March 2, 1933. The last day on which the bank was open for the unrestricted conduct of business was March 1, 1933. Thereafter, for a short while, depositors were permitted to withdraw a limited amount of their deposits and this intervener received $538.21, thus

---

*Rehearing denied June 24, 1935.

reducing its claim to $999.54, the amount claimed herein. For details concerning the banking situation as affecting this and other banks, see In re Canal Bank & Trust Co. In Liquidation (Intervention of E. C. Palmer & Co.), 154 So. 498 (La. App.), and In re Canal Bank & Trust Co. In Liquidation (Intervention of Jno. F. Clark & Co.), 160 So. 609, of the Supreme Court (not reported [in State Reports]), decided February 4. 1935.

The contention of the intervener is that, since the proceeds of the coupons were not received by the bank until March 2, at which time it was doing business on a restricted basis, its relation to intervener on March 1, the date of the deposit, was that of principal and agent and not that of debtor and creditor, citing In re Canal Bank & Trust Co. In Liquidation (Intervention of Thos. J. Ferguson), 161 So. 15, 16, of the Supreme Court, decided April 1, 1935, and not reported [in State Reports]. In the cited case, the court, in affirming the opinion of this court, said: "The only evidence offered in connection with the deposit of the coupons is the deposit slip, which plainly shows that, at the time the coupons were placed with the bank, both parties considered them as items for collection, not only because of the printed provisions on the deposit slip, but also because they were plainly stamped in large red letters with the notation 'For Collection.' There is not a scintilla of evidence that the intervenor, expressly or impliedly, authorized the bank to deposit the proceeds of the coupons to his account. Even if it could be said that the bank, in the absence of express instructions to the contrary, had the implied authority to deposit the proceeds to the intervenor's account, certainly this implied authority came to an end when the bank on March 2d went on a restricted basis. It is inconceivable that any one would authorize the bank to deposit his funds under those circumstances. If the bank had continued to act in its full normal capacity as it was doing at the time the deposit was made, then it might be reasonable to say that the alleged implied authority continued. In any event, the deposit of the proceeds was not made until March 21st. This deposit certainly was not with the consent, express or implied, of the intervenor."

There is no question here as to the authority of the bank to deposit the coupons to the credit of the intervener on March 1, 1933, when it was operating without restriction and on a normal basis. In the Ferguson Case, the amount of the coupons was not credited to the Ferguson account until March 21, long after the bank had ceased to function without restriction. In our opinion, the case is squarely within the holding in Re Canal Bank & Trust Co., In Liquidation (John F. Clark & Co., Intervenor), supra, in which the Supreme Court held that a bank which immediately credits a depositor's checking account with out-of-town items becomes the owner of the items so deposited, and pro tanto, the debtor of the depositor, notwithstanding a stipulation to the contrary on the deposit slip accompanying the deposit; the deposit slip being merely a receipt for the items deposited and not the evidence of a contract between the bank and its depositor. It inevitably results from the finding in the Clark Case that on March 1, 1933, when the coupons, which had been previously detached from the intervener's bonds, were deposited to its account, the relation of debtor and creditor existed and not that of principal and agent. The provisions of Act No. 63 of 1926, relied on, do not apply unless the relation of principal and agent obtains, as the following quotation from that act clearly demonstrates: " * * * When any bank receives as agent (whether as agent of another bank or of any person, firm or corporation) for collection and remittance or delivery to its principal and not for deposit any bill, note, check, order, draft, bond, receipt, bill of lading, or other evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank, which privilege shall be superior to the claims of all depositors of said agent bank, the claims of all creditors of said agent bank having no privilege and to all other general privileges on the property and assets of said agent bank, except those for law and judicial charges." Section 1.

For the reasons assigned, the judgment appealed from is correct, and it is, therefore, affirmed.

Affirmed.

PER CURIAM.

In our opinion in this cause, handed down on yesterday, May 13, 1935, we inadvertently and erroneously stated that the intervention had been dismissed by the court a qua. Consequently, the result of our decree affirming the judgment of the lower court was at vari-

ance with our opinion which clearly indicated an intention to dismiss the intervention.

It is therefore ordered that a rehearing be granted ex proprio motu and fixed for argument or submission on Friday, the 17th Day of May, 1935, at 10:30 a. m., without prejudice to the rights of either party to apply for a rehearing as their interests may suggest when the final decree of the court is rendered.

On Rehearing.

WESTERFIELD, Judge.

We granted a rehearing in this case because we doubted our right to correct the mistake which we made in our decree affirming, without qualification, the judgment of the lower court, when, as our opinion clearly indicated, our intention was to reverse it in the respect that it recognized intervener as a privileged creditor.

For the reasons assigned, our former decree is recalled, and it is now ordered, adjudged, and decreed that there be judgment in favor of Grand Consistory of Louisiana, Intervener, and against J. S. Brook, state bank commissioner, through Harry G. Thompson, special agent in charge of Canal Bank & Trust Company, in liquidation, in the full sum of $999.-54, recognizing Intervener as an ordinary creditor to be paid in due course of the administration of the liquidation proceedings; intervener to pay the costs of this appeal.

The right is reserved to intervener to apply for a rehearing.