In re CANAL BANK & TRUST CO. (GOODMAN & BEER CO., Inc., Intervener).

No. 15054.

Court of Appeal of Louisiana. Orleans.
April 6, 1936.

Dufour, St. Paul, Levy & Miceli and Rene J. Waguespack, all of New Orleans, for appellant.

Leslie Moses and Rittenberg & Rittenberg, all of New Orleans, for appellee.

JANVIER, Judge.

This is an intervention in the liquidation proceedings of Canal Bank & Trust Company. The intervener claims that, because of the provisions of Act No. 63 of 1926, it is entitled to be paid the sum of $1,195.84, with interest from March 1, 1933, by preference and priority over all other creditors and with a lien and privilege on all of the assets of the former banking institution.

In the district court there was judgment in favor of the intervener, and the liquidator has appealed.

The facts are not in dispute. On March 1, 1933, the intervener, Goodman & Beer Company, Inc., deposited in Canal Bank & Trust Company, which bank was then operating unrestrictedly as a banking institution in this city, a check for $1,839.-76, drawn by itself on its own account in

Whitney Trust & Savings Bank, another banking institution also located in this city. The depositor was immediately given credit for the amount of the said check, and later, after the bank had closed, the said check was "cleared" through the New Orleans Clearing House Association; the proceeds being transferred from the account of the intervener in the Whitney Bank to the Canal Bank & Trust Company, in which latter institution the account of the intervener had already been credited.

It is contended by the intervener that although, when the check was deposited on March 1, credit for the proceeds was immediately given to the intervener, nevertheless, because of certain conditions printed on the deposit slip used in connection with the said deposit and which conditions gave to the bank the right to "charge back" to the depositor any items which might not ultimately be collected, the transaction amounted, in fact, to one between principal and agent; the relationship of agent not terminating until the collection by the agent of the proceeds. It is argued, therefore, that since the proceeds were not collected by the agent—in this case the bank—until after that bank had closed its doors, it could not deposit those funds to the credit of the principal, since at that time the principal could not withdraw such funds from its account.

This was exactly the contention which was presented to the Supreme Court in the matter of Liquidation of Canal Bank & Trust Co. (Intervention of Clark & Co.), 181 La. 856, 160 So. 609, 99 A.L.R. 473. There the items deposited on March 1 were drawn on institutions not located in New Orleans and not drawn against accounts of the depositor itself. Except, however, for these two differences, we find no other facts which may be pointed to as distinguishing that case from this, because there, as here, the "amount was at once credited to the checking account of the depositor."

The court there held that, in spite of the provisions of the deposit slip giving the right to the bank to "charge back" any items not ultimately collected, the relationship of principal and agent terminated with the deposit of the items, since they were not taken "for collection," and that, although the bank would have had the right to "charge back" the items if they had not been collected, nevertheless, since they were collected, in order to determine the relationship between the parties, it was necessary to consider the status of the parties at the time of the deposit and not at the time of the ultimate collection.

The conditions printed on the deposit slip in this case are substantially the same as those printed on the slips used for the deposits which were made by Clark & Co. The credit was given to the depositor immediately, though the right was reserved to "charge back" the amount of the items in the event of noncollection. The court held there that the relationship of principal and agent terminated with the giving of the credit for the items deposited. If the relationship of debtor and creditor exists, then the act of 1926 is not applicable.

We are unable to distinguish the facts of this case from those of the Clark Case and we think that the law applicable is the same.

Counsel for the intervener contends that, even if the intervener is not entitled to the privilege and priority contended for, it should be recognized as an ordinary creditor. It is conceded that intervener is entitled to recognition as an ordinary creditor in any event.

For the reasons given above and for the reasons given by the Supreme Court in the Intervention of Clark & Co., supra, and for the reasons given by us in Re Canal Bank & Trust Company (Intervention of Grand Consistory of Louisiana) 161 So. 640, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment dismissing the intervention of the Goodman & Beer Company, Inc., at its cost.

Reversed.